IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

2009 SEP 23 P 12: 01

| | |
|---|---|
| Randy Williams, #279404, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 4:08-2312-SB |
| v. | ) |
| | ) |
| Warden, Lee Correctional Institution, | ) **ORDER** |
| | ) |
| Respondent. | ) |

This matter is before the Court on the Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. 636(b)(1)(B). In the R&R, Magistrate Judge Thomas E. Rogers recommends that the Court grant the Respondent's motion for summary judgment. Attached to the R&R was a notice advising the Petitioner of his right to file specific, written objections to the R&R within ten days after being served with a copy. See 28 U.S.C. § 636(b)(1). After being granted an extension of time, the Petitioner filed objections on September 14, 2009.



### BACKGROUND

The Petitioner is confined to the Allendale Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Marlboro County Clerk of Court. At the 2001 term, the Marlboro County Grand Jury indicted the Petitioner for distribution of crack cocaine and distribution of crack cocaine within a half-mile radius of a playground.

Public Defender Wade Crow represented the Petitioner at a jury trial on October 22-23, 2001, before the Honorable Edward B. Cottingham. The jury convicted the Petitioner

as charged, and Judge Cottingham sentenced him to twenty years on the distribution charge and ten years (concurrent) on the proximity charge.

The Petitioner filed a timely appeal, and Tara S. Taggart, Esquire, was appointed to represent the Petitioner. On October 4, 2002, Taggart filed an <u>Anders</u> brief and petition to be relieved as counsel, wherein she raised the issue of whether the trial judge erred in failing to grant a directed verdict based upon the insufficiency of the evidence. The Petitioner filed a *pro se* brief.

On March 10, 2003, the South Carolina Supreme Court issued an opinion dismissing the Petitioner's appeal following <u>Anders</u> review. <u>State v. Williams</u>, Op. No. 03-MO-021 (S.C. March 10, 2003). The court issued the remittitur on March 28, 2003.

On April 8, 2003, the Petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he alleged the following:

1. Trial Counsel fail[ed] to interview and call alibi witnesses that were relevant.
2. Trial Counsel fail[ed] to object to improper comm[ents] of trial Judge. Trial Counsel fail[ed] to object to the charge being upgraded to second offense without the State receiving another warrant or indictment.
3. Appellate Counsel deceive[d] applicant when [she] stated she had documents from SLED[ ] [w]hen in fact she did not[,] which cause[d] further prejudice [to] applicant on his appeal.

The State filed a return on July 10, 2003, and the Petitioner filed a *pro se* "motion to amend" dated May 7, 2004, in which he raised the following issues: (1) 14th Amendment violation; (2) Prosecution Misconduct/Brady violation; and (3) Rule 5 – Disclosure violation.

On January 12, 2005, the Honorable John M. Milling held an evidentiary hearing, at which the Petitioner, who was represented by Russell V. Traw, Esquire, appeared and testified. The State called the Petitioner's trial counsel to testify at the hearing. Judge

Milling orally denied relief at the conclusion of the hearing, and on February 9, 2005, Judge Milling entered a written order of dismissal rejecting the Petitioner's claims.

The Petitioner filed a timely appeal from the denial of his PCR application, and attorney Wanda Carter of the South Carolina Office of Appellate Defense was appointed to represent him. On November 3, 2005, Carter filed a <u>Johnson</u> petition for a writ of certiorari and to be relieved as counsel, in which she raised the following issue: that the PCR court erred in dismissing the Petitioner's defective indictment claim. The State filed a letter return to the certiorari petition on November 4, 2005. By order dated February 15, 2006, the case was transferred to the South Carolina Court of Appeals, and on June 28, 2007, the court of appeals issued an order denying the petition for a writ of certiorari after <u>Johnson</u> review. The court of appeals issued the remittitur on July 16, 2007.

On June 23, 2008, the Petitioner filed the present § 2254 petition alleging the following grounds for relief:

> **Ground One**: Ineffective Assistance of Trial Counsel; After receiving my file, it had evidence that my counsel never presented to me or the court.
>
> **Ground Two**: Brady Violation; Paperwork was presented to me the day of my trial and year[ ]s after my trial.
>
> **Ground Three**: Prosecution Misconduct; The Solicitor entered a[n] inaudible tape into evidence and she withheld paperwork.
>
> **Ground Four**: Rule 5 Disclosure Violation; Chain of Custody Form[s] A, B, [and] C [weren't] turned over during discovery.
>
> **Ground Five**: 8th Amendment Cruel and Unusual Punishment; I was indicted and sentenced under an offense that I was never arrested nor indicted for.
>
> **Ground Six**: Subject Matter Jurisdiction; The body of the indictment was so cryptic, it denied me a fair trial. The indictment substituted a different and



distinct offense from the one charged at trial and trial counsel objected to the charge being upgrade[d] without a second offense warrant or indictment, because the grand jury had not indicted me on the substituted offense.

**Ground Seven**: Due Process Violation (Mistaken Identity); The only description the S.L.E.D. agent had was a fair skinned tall black male. She testified that she [saw] me for 1-2 minutes for the first time on Jan. 05, 2001[,] and comes to court on Oct. 22, 2001[,] 9½ months later and say[s] she remember[s] me. The prosecuting officer was in the surveillance car with the other officer[ ]s listening to the drug transaction[ ]s, but he requested a rap sheet for somebody else. The informant who testified use[d] his testimony for leniency[ ] because he had a charge nolle prossed 2 month[ ]s or so before he bec[a]me an informant, but it was never restored. The asked him in court how long did he kn[o]w me[;] he said after looking at him now, I would say several years.

**Ground Eight**: Ineffective Assistance of Appellate Counsel; Counsel misle[ ]d me in believing that counsel had paperwork dealing with my case, but it was never presented. The Attorney General['s] office and the Marlboro County Clerk of Court sent a letter to counsel stating that I didn't have [any]thing altered or amended to my post conviction relief application and I showed counsel that I did, but he still didn't admit it.

**Ground Nine**: 14th Amendment Violation; The solicitor's case consisted solely o[f] an agent's testimony about the purchase[ ] of narcotic[ ]s from the applicant, but the agent[ ]s had to refresh their memorie[ ]s from note[ ]s and etc. The C/I who acted as a witness for the state[ ] did not remember the type of car they were in, nor could he remember crucial detail[ ]s of events that the police said took place that day. The C/I had a 5 page rap sheet and more now with criminal domestic violence, drug charges, D.U.I.'s, stalking, burglaries and more, but the state say[ ]s this is a credible witness.

(Entry 1 at 6, 17.)

<h2 style="text-align:center"><u>STANDARD OF REVIEW</u></h2>

I.    **Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "there is no genuine issue as to any material fact." The Court is not to weigh the evidence, but determine whether there is a genuine issue of fact. <u>Anderson v. Liberty</u>

Lobby, Inc. 477 U.S. 242, 249 (1986). If no material dispute exists, summary judgment should be granted against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Const., Inc. 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.    The Magistrate Judge's R&R

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations outlined by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(B). Any written objection must specifically identify the portion of the R&R to which the objection is made and give the basis for the objection. Id.

**DISCUSSION**

In the R&R, the Magistrate Judge found the Petitioner's claims in grounds two, three, four, five, and seven were procedurally barred. In addition, the Magistrate Judge found that the Petitioner had not demonstrated "cause" or "actual prejudice" to excuse the procedural default.

Next, the Magistrate Judge addressed the merits of grounds one, six, eight, and nine. With respect to ground one (ineffective assistance of trial counsel), the Magistrate Judge found that the Petitioner had not shown error or prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984), and that the state court's findings on this claim were not contrary to, nor an unreasonable application of, clearly established federal law. With

respect to ground six (subject matter jurisdiction), the Magistrate Judge determined that this claim was not cognizable on federal habeas review. Next, the Magistrate Judge recommended dismissal of ground eight (ineffective assistance of appellate counsel) because there is no constitutional right to effective assistance of counsel in state post-conviction proceedings. Lastly, with respect to ground nine (attacking the credibility of the evidence against him), the Magistrate Judge determined that the state court's findings on this issue were not contrary to, nor an unreasonable application of, clearly established federal law. Based on the foregoing, the Magistrate Judge recommended that the Court grant the Respondent's motion for summary judgment in its entirety.

The Petitioner filed written objections to the R&R, which this Court has thoroughly reviewed in conjunction with the R&R, the record as a whole, and the applicable law. After consideration, however, the Court finds the Petitioner's objections to be without merit. Stated plainly, the Court finds (1) that the Magistrate Judge accurately summarized the case and applied the correct principles of law and (2) that the Petitioner's objections do not point to any legal or factual error in the R&R sufficient to alter the outcome.[1] Accordingly,  the Court overrules the Petitioner's objections and adopts the R&R and incorporates it herein by specific reference.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 24) is adopted; the Petitioner's objections (Entry 39)

---

[1] In his objections the Petitioner asks the Court to stay the case to permit him to return to the South Carolina Supreme Court. To the extent that this request may be construed as a motion to stay, such request/motion is denied.

6

are overruled; and the Respondent's motion for summary judgment (Entry 20) is granted.

**AND IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September **23**, 2009
Charleston, South Carolina

#7